**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IAN GABRIEL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-3982** |
| | : | |
| **JOSEPH TERRA, DAVID MASCELLINO, JAMES DAY, MS. OFFICER JOHNSON** | : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                 **July 6, 2023**

Persons claiming injury must participate in their case. They must produce information and answer questions under oath after proper notice. They cannot simply allege facts and wait for trial. The persons defending the claims are entitled to know the basis for the claims against them. These rules apply to incarcerated persons bringing claims just like everyone. We are repeatedly mindful of filing and research difficulties faced by incarcerated persons. We grant liberal amendments to deadlines and afford greater notice. We today address an incarcerated person who fully participated in his claim against state actors. He stepped forward and claimed officials retaliated against him for filing grievances. He identified more persons he wanted to sue. We granted him the ability to do so. But then he decided not to testify. He told the Commonwealth he would not appear for a long-scheduled deposition. He refused to appear in the deposition room. We directed him to appear for the next scheduled deposition. He sent us a notice asking to withdraw his claim. We still deferred. The Commonwealth now seeks dismissal for failing to appear for discovery consistent with the incarcerated person's notice. All factors governing our analysis favor dismissal. We grant the Commonwealth's motion and dismiss the complaint without prejudice.

I.     Background

The incarcerated Ian Gabriel alleges officials at SCI Phoenix placed him in the restricted housing unit for sixty-five days and then transferred him to SCI Benner in retaliation for filing grievances at SCI Phoenix. Mr. Gabriel sued Joseph Terra and David Mascellino, two members of the Program Review Committee at SCI Phoenix; SCI Phoenix Unit Manager James Day; and SCI Phoenix Correctional Officer Johnson for violation of his First Amendment rights.[1] We granted Mr. Gabriel's application to proceed *in forma pauperis*.[2]

The Commonwealth's Office of Attorney General entered its appearance on behalf of the individual defendants. Senior Deputy Attorney General Kevin Bradford conferred with Mr. Gabriel by telephone to prepare the report required by Federal Rule of Civil Procedure 26(f).[3] The parties agreed to stipulated facts, the Commonwealth discussed its initial disclosures under Rule 26, and Mr. Gabriel requested documents from his placement in the restricted housing unit at SCI Phoenix.[4]

We held an initial pre-trial conference under Rule 16 by telephone on March 30, 2023. Mr. Gabriel stated he wished to add the third person on the Program Review Committee as a defendant. Our Scheduling Order issued after our Rule 16 conference gave Mr. Gabriel leave to move to amend his complaint and join or add additional parties by April 28, 2023, and set the parties' discovery obligations, the dates for case dispositive motions, pre-trial obligations, and a date for a three-day jury trial to begin August 2, 2023.[5]

Mr. Gabriel moved to add as a defendant Charles Hensley and John Does who signed a vote sheet authorizing his transfer to SCI Benner.[6] We denied Mr. Gabriel's motion without prejudice to him moving to add the individuals and attaching his proposed amended Complaint.[7] We ordered the Commonwealth to identify the names and last known business addresses of the

persons on the "vote sheet" and extended Mr. Gabriel's time to move to join or add additional parties by no later than May 26, 2023.[8] We granted Mr. Gabriel's request for additional time to move to file an amended complaint to no later than June 2, 2023.[9]

### *Mr. Gabriel refused to attend his video deposition on June 2, 2023.*

The Commonwealth noticed Mr. Gabriel's deposition for June 2, 2023 over a video-share platform consistent with our Scheduling Order.[10] The Commonwealth's Attorney Bradford instructed staff at SCI Benner to print and deliver the notice of deposition to Mr. Gabriel on May 30, 2023 to provide him with advance notice of the June 2, 2023 deposition and eliminate issues with his receipt of mail.[11]

Mr. Gabriel did not appear for his June 2, 2023 deposition.[12] An Administrative Officer at SCI Benner advised Attorney Bradford Mr. Gabriel refused to report to the visiting room for his video deposition.[13] Attorney Bradford terminated the deposition.

We extended the discovery deadlines to June 14, 2023, extended the time for motions for summary judgment and motions for relief under Federal Rule of Evidence 702, and ordered Mr. Gabriel to attend a rescheduled video deposition on June 13, 2023, warning him his failure to do so without good cause may warrant an order precluding claims or dismissing his lawsuit for failure to participate in discovery.[14]

Mr. Gabriel advised us he wished to "withdraw [his] complaint entirely" and dismiss his claim.[15] Mr. Gabriel attributed his decision to having to wait to schedule time at the Facility's law library to make copies of his proposed amended complaint until after the ordered deadline and the Facility's "passiv[e]" refusal to schedule depositions within the deadlines set by our orders.[16]

Finding good cause, we allowed Mr. Gabriel leave to move to join or add additional parties by no later than June 20, 2023.[17] We also affirmed Mr. Gabriel's obligation to attend his June 13,

3

2023 video deposition, cautioning him failure to do so may demonstrate to us he no longer wishes to proceed in his case.[18] Our Order also confirmed if Mr. Gabriel participated in his deposition and timely moves to amend his complaint to join additional parties consistent with our earlier orders, we will revise the deadlines in our original scheduling order.

*Mr. Gabriel refused to attend his re-scheduled video deposition on June 13, 2023.*

Mr. Gabriel refused to attend his June 13, 2023 video deposition.[19] A Unit Manager at SCI Benner spoke to Mr. Gabriel about his scheduled deposition on the morning of June 13.[20] The Unit Manager swore Mr. Gabriel "made it clear to [her] he was not going to participate in the deposition."[21]

The Commonwealth moved for sanctions in the form of dismissal after Mr. Gabriel refused a second time to attend his deposition.[22] We ordered Mr. Gabriel to respond to the Motion for sanctions no later than July 5, 2023.[23]

**II.    Analysis**

The Commonwealth moves to dismiss Mr. Gabriel's complaint with prejudice for failure to participate in the case including twice failing to appear for his noticed deposition. Rule 37(b)(2) allows us to impose sanctions where a party fails to obey an order to provide or permit discovery, including "dismissing the action or proceeding in whole or in part."[24] The sanction of dismissal with prejudice is an extreme sanction "of last, not first, resort."[25] But dismissal as a sanction is "rightfully in the district courts' toolbox" where appropriate.[26]

We must consider the factors set by our Court of Appeals in *Poulis v. State Farm Fire and Casualty Company* when considering dismissal.[27] The factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

4

of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which involves analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense.[28] None of the *Poulis* factors alone are dispositive but not all factors must be satisfied to justify dismissal.[29]

We find the factors weigh in favor of dismissal. We first consider the extent of Mr. Gabriel's personal responsibility. We granted the Commonwealth's motion to depose Mr. Gabriel under Rule 30(a)(2) no earlier than May 26, 2023 but no later than the June 2, 2023 discovery deadline.[30] The Commonwealth noticed Mr. Gabriel's video deposition for June 2.[31] Mr. Gabriel did not appear for his June 2 deposition. We extended the discovery deadline and ordered Mr. Gabriel "shall attend the rescheduled June 13, 2023 video deposition."[32] We ordered the Commonwealth to immediately email our order to the Facility administrator requesting her to immediately deliver to Mr. Gabriel our Order directing him to appear at deposition on June 13 specifically to expedite notice of his obligations and ordered the Commonwealth to file a certificate of service confirming compliance.[33] The Commonwealth did so and certified Mr. Gabriel received our Order on June 6, 2023 at 8:56 a.m. directing Mr. Gabriel to appear at his June 13 re-scheduled deposition, giving him a week's notice of his deposition.[34] There is nothing in the record showing Mr. Gabriel did not receive our Orders consistent with the Commonwealth's certification. Mr. Gabriel is personally responsible for his own behavior refusing to attend two court-ordered depositions.[35] This factor weighs in favor of dismissal.

The second *Poulis* factor considers the extent of prejudice to the Commonwealth caused by Mr. Gabriel's repeated decision to not attend his deposition. We originally scheduled motions for summary judgment due no later than June 9, 2023.[36] We extended the deadline for summary judgment motions to June 26, 2023.[37] We told Mr. Gabriel if he participated in his June 13, 2023

5

rescheduled deposition and timely moved to amend his complaint by June 20, 2023, we will revise our orders setting the date for summary judgment motions to allow for review of his complaint on the merits.[38] Mr. Gabriel did not appear for his deposition or move to amend his complaint. Mr. Gabriel's repeated failure to appear for deposition deprives the Commonwealth from examining the fact basis for Mr. Gabriel's claims and adequately preparing a defense. The Commonwealth advises it is also responsible for paying the fees for two court reporters on June 2 and June 13 without the deposition occurring. We find the Commonwealth is prejudiced by Mr. Gabriel's failure to submit to deposition to answer questions about the claims asserted and for having to pay the court reporter fees. This factor weighs in favor of dismissal.

The third *Poulis* factor examines the history of dilatoriness. Mr. Gabriel told two Facility administrators he refused to participate in his deposition. He did not timely respond to the Commonwealth's motion for a dismissal sanction after affording him additional time.[39] We recognize Mr. Gabriel is incarcerated and does not have the same access to filing as he would if not incarcerated. But he remains obligated to follow orders and the Rules of Civil Procedure. Especially when we repeatedly extended deadlines mindful of his present housing. Mr. Gabriel chose to withdraw by his conduct and through his notice to us over a month ago. We cannot confirm Mr. Gabriel's willfulness but his notice and conduct allows us to find his repeated refusal to participate in discovery or respond to motions after telling his counselors he wishes to withdraw his claims weighs in favor of dismissal. And he asked to dismiss.

The fourth *Poulis* factor considers whether the conduct of the party is willful or in bad faith. Mr. Gabriel twice refused to participate in his court-ordered deposition. We continually extended the discovery deadline and dates for dispositive motions to accommodate Mr. Gabriel. He refused to attend his deposition. He now has chosen to not respond to the Commonwealth's

6

request for dismissal as a sanction. He has not responded to our Orders. We appreciate his present custody. But Mr. Gabriel fully participated until he told the Commonwealth he did not want to participate moving forward. We are also mindful of his claim for retaliation. We could understand if Mr. Gabriel believed the Commonwealth would further retaliate. But he sued and then participated in the case. He told us he wanted to withdraw his claim. We have no basis to speculate as to further retaliation. Mr. Gabriel demonstrated he knows how to protect his interests. His conduct confirms he decided to withdrawal and not participate.

The fifth *Poulis* factor requires we examine sanctions short of dismissal. Rule 37(b)(2) provides sanctions may include prohibiting the disobedient party from supporting his claims or from introducing designated matters into evidence, striking pleadings in whole or in part, staying further proceedings until our order is obeyed, and treating as contempt of court the failure to obey any order, and the payment of expenses. We find lesser sanctions here would be ineffective. Mr. Gabriel's *in forma pauperis* status preclude his payment of attorney's fees and costs associated with his failure to attend his deposition. An evidentiary sanction will not cure the prejudice to the Commonwealth for Mr. Gabriel's failure to appear for deposition to aid the defense of their case and staying the action will result in the case sitting in limbo given Mr. Gabriel's refusal to participate in discovery.[40] The fifth factor weighs in favor of dismissal.

The sixth *Poulis* factor examines the meritoriousness of the claims. We essentially have no record to assess Mr. Gabriel's claims. We have his Complaint, the Commonwealth's Answer, and the parties' positions from our Rule 16 conference. The Commonwealth asserts the documents it produced show the Department of Corrections transferred Mr. Gabriel to SCI Benner because a relative of a corrections officer at SCI Phoenix is one of Mr. Gabriel's victims in his underlying state court prosecution. We do not have those documents and without a record before us, most

importantly Mr. Gabriel's sworn testimony regarding the factual basis for his claims, we cannot assess the merits of Mr. Gabriel's First Amendment retaliation claim. The sixth factor is neutral.

## III. Conclusion

We hesitate to dismiss as a sanction. We especially pause when dismissing a retaliation claim filed by an incarcerated person. But we today face undisputed evidence the incarcerated person told us he wanted to withdraw his claim and told the Commonwealth he would not participate in his deposition. He did not appear for two scheduled depositions. He did not dispute the Commonwealth's arguments even after granting him additional time to respond. We balanced the *Poulis* factors. We conclude Mr. Gabriel twice willfully refused to attend his deposition contrary to our Orders. He advised us of his intention to withdraw his action on June 1, but we allowed more time to allow him to prepare his amended complaint and to appear for deposition. He did not appear for this deposition the second time. He did not answer the Commonwealth's motion for sanctions in the nature of dismissal. Mr. Gabriel chose not to provide evidence. We can find no basis to require the Commonwealth to further invest in summary judgment or trial. Mr. Gabriel stated he wanted to withdraw his claims. We gave him more time to think about it. He then did not show up for his second scheduled deposition. He wrote to us saying he wanted to withdraw his claim. He then chose to not respond to the Commonwealth's motion to dismiss his claim as a sanction. We have been as liberal in our extensions as we can. Mr. Gabriel's statements and subsequent conduct confirm further extensions and requiring the Commonwealth to invest more time would not aid the interests of justice. We grant the Commonwealth's motion and dismiss Mr. Gabriel's Complaint without prejudice under Rule 37.

---

[1] ECF Doc. No. 1. Mr. Gabriel is currently housed at SCI Benner.

---

[2] ECF Doc. No. 5.

[3] ECF Doc. No. 20.

[4] *Id.*

[5] ECF Doc. No. 22.

[6] ECF Doc. No. 26.

[7] ECF Doc. No. 27. Our policies require a party seeking to amend his complaint to add a redline version of the changes to the proposed amendment. Our order denying Mr. Gabriel's motion to add parties without prejudice explained we required him to attach his proposed amended Complaint for our review to ensure it stated a claim for which relief can be granted before issuing summons to the new defendants consistent with our screening obligations under 28 U.S.C. § 1915.

[8] *Id.*

[9] ECF Doc. No. 32.

[10] ECF Doc. No. 34, ¶ 3; ECF Doc. No. 34–2.

[11] ECF Doc. No. 34, ¶ 4.

[12] *Id.*, ¶ 5.

[13] *Id.*; ECF Doc. No. 34–3.

[14] ECF Doc. No. 35.

[15] ECF Doc. No. 37. Mr. Gabriel prepared a notice dated June 1, 2023—one day before his originally scheduled deposition—advising us he no longer wished to continue with his case. We did not receive the notice until its docketing on June 5, 2023.

[16] *Id.*

[17] ECF Doc. No. 38.

[18] *Id.*

[19] ECF Doc. No. 39.

[20] ECF Doc. No. 39–4.

[21] *Id.*

---

[22] ECF Doc. No. 39.

[23] ECF Doc. No. 45.

[24] Fed. R. Civ. P. 37(b)(2)(v).

[25] *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis v. State Farm Fire 7 Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)).

[26] *Id.* at 132.

[27] 747 F.2d 863 (3d Cir. 1984). The Federal Rules of Civil Procedure also allow a defendant to move to dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order …" *See* Fed. R. Civ. P. 41(b). A motion for involuntary dismissal under Rule 41(b) is analyzed under the *Poulis* factors. *Adlife Marketing & Commc'ns Co., Inc. v. Karns Prime and Fancy Food, Ltd.*, No. 21-2074, 2023 WL 179840, at *3 (3d Cir. Jan. 13, 2023). The Commonwealth did not move under Rule 41(b).

[28] *Hildebrand*, 923 F.3d at 132 (quoting *Poulis*, 747 F.2d at 868).

[29] *Id.*

[30] ECF Doc. No. 22, ¶¶ 2, 7.

[31] ECF Doc. No. 34–2.

[32] ECF Doc. No. 35, ¶ 2.

[33] ECF Doc. No. 35, ¶ 4.

[34] ECF Doc. No. 36.

[35] *See Bradshaw v. Karpinski*, No. 14-5583, 2017 WL 1163890, at *3 (E.D. Pa Mar. 28, 2017) (on the first *Poulis* factor, finding pro se plaintiff bore personal responsibility for his failure to comply with two court ordered directing him to appear at final pre-trial conferences) (collecting cases).

[36] ECF Doc. No. 22, ¶ 11.

[37] ECF Doc. No. 35, ¶ 3.

[38] ECF Doc. No. 38.

[39] ECF Doc. No. 45.

[40] *Fattah v. Killen*, No. 03-1314, 2005 WL 2234644, at *4 (M.D. Pa. Sept. 14, 2005), *aff'd sum nom*, *Fattah v. Beard*, 214 F. App'x 230 (3d Cir. 2007). In *Fattah*, Judge Munley dismissed an

incarcerated person's complaint under Rule 37(d) for his refusal to submit to deposition after applying the *Poulis* factors. As to the fifth factor—lesser sanctions—Judge Munley concluded lesser sanctions would be ineffective. Judge Munley reasoned precluding plaintiff from presenting evidence would not mitigate the prejudice to defendants from deposing him to prepare a defense, precluding plaintiff's deposition would have the same effect as dismissal, granting summary judgment for defendants or forbidding plaintiff from pursuing further discovery has the same effect as dismissal "given the sparse record and the centrality of [plaintiff's] deposition," and granting attorney's fees would be ineffective because it would not "counterbalance the defendants' need to depose [plaintiff[ to prepare their defense." *Id.*